THE STATE OF KANSAS v. JOSEPH FISHER.

CRIMINAL LAW; *Information; Verdict; Sentence; Practice.* A defendant is charged in a criminal information with the committing of certain acts which constitute an offense under either of two different sections of the crimes act; the jury find the defendant guilty of committing certain acts, specifying them in their verdict; the acts so specified are all charged in said information, but are not all the acts therein charged; the acts of which the defendant is so found guilty constitute an offense under one of said two sections of said crimes act, but not of the offense prescribed by the other: *held,* that the court did not err in sentencing the defendant for the offense of which he was so found guilty.

*Appeal from Atchison District Court.*

FISHER was charged by information with having "on purpose, and of malice aforethought," wounded one J. A. F., by shooting at said J. A. F. with a loaded revolver, a deadly weapon, with intent to kill him. Plea, not guilty. The case was tried at the March Term, 1871. The jury returned a verdict as follows: "We the jury find the defendant guilty of wounding J. A. F. in the manner charged, under circumstsnces which would have constituted manslaughter in the fourth degree if death had ensued from said wounding." New trial refused, and defendant was sentenced to two years imprisonment in the state prison. From such judgment of conviction *Fisher* appeals to this court.

*W. W. Guthrie,* for appellant:

1. Fisher was charged under § 38 of the act relating to crimes, and found guilty of an attempt to commit an inferior offense. §§ 283, 26, 30, Crimes Act; 1 Kas., 453.

He did shoot, in the heat of passion, not intending to kill; but if death had resulted he would have committed "manslaughter in the fourth degree;" § 26, *supra.* Having done an act "toward committing the offense, and failed in the perpetration thereof," he was subject to half the penalty only; § 283, Crimes Act. The sentence was for the full penalty for manslaughter in the fourth degree, (§ 30 *supra,*) and is erroneous.

2. The information laid no foundation for conviction under

§ 42 of said act; but if it did, "the case was otherwise provided for" under §§ 30 and 283, before cited. Section 42 is for offenses distinct from, and not inferior to, those embraced in § 38.

3. The verdict in legal effect acquitted Fisher on the information. *People v. Gilmore*, 4 Cal. 376.

*A. L. Williams*, Attorney General, for the state, cited §§ 38 and 42 of the Crimes Act: Gen. Stat., pp. 324, 325.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a criminal information in the district court of Atchison county. The defendant was tried, convicted, and sentenced, and the only error complained of is the sentence of the court below.

The information charged, among other things, in substance that on the 5th day of January, 1871, the defendant Joseph Fisher, assaulted and wounded one James A. Fisher with a deadly weapon, a loaded revolver, by shooting at said James A. Fisher with the intent to kill him, and that all this was done on purpose, and with malice aforethought. These facts, as we think, constitute an offense under either section 38 or section 42, of the act concerning crimes and punishments: Gen. Stat., 324, 325.

The jury found the defendant guilty of wounding James A. Fisher in the manner charged, under circumstanues which would have constituted manslaughter in the fourth degree if death had ensued from said wounding. This verdict does not state facts sufficient to constitute an offense under section 38 of said act because it does not show that the wounding was done "on purpose, and of malice aforethought;" but it does state facts sufficient to constitute an offense under section 42 of said act. Under this last mentioned section the court below sentenced the defendant to be imprisoned in the penitentiary for the term of two years. We perceive no error in this sentence. The judgment of the court below must therefore be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.