## THE STATE OF KANSAS v. JAMES O'KANE.

1. HOMICIDE; *Information, Not Insufficient.* An information is not insufficient, merely because it states in one count, that the assault, battery and killing, charged against the defendant, were done by means of "some deadly weapon or instrument, the kind and description of which are unknown," and then states, in another count, that such assault, battery and killing were done by means of the defendant's "hand and fist."

2. ——— *Practice.* A defendant may be charged with committing murder in the first degree, and then be convicted, on such charge, of committing an assault and battery only, *provided,* however, that the assault and battery are necessarily included in such charge.

3. ——— *Costs; Practice.* Where an information charges an offense which includes both a misdemeanor and a felony, and the jury find the defendant guilty of the misdemeanor only, the defendant should pay costs only as for a misdemeanor.

*Appeal from Atchison District Court.*

PROSECUTION for murder in the first degree. At the November Term, 1879, of the district court, the appellant *O'Kane* was found guilty of an assault and battery, and was sentenced to pay a fine of $200 and costs, and to be imprisoned in the county jail until said fine and costs were paid. *O'Kane* appeals to this court. The facts appear in the opinion.

*W. W. Guthrie,* and *Frank Royse,* for appellant:

1. The court erred in overruling the defendant's motion to quash the information. The information attempted to state two distinct offenses: First, the killing of John McGuire by means of a deadly instrument; and, second, the killing of the deceased by means of a fall upon the floor, produced by the defendant, by means of blows from the defendant's hand and fist. Nor was the information certain as regards the offense charged. Is the accused charged with the killing of the deceased by means of a fall; or by means of a blow from the fist; or by means of blows from a deadly weapon? The single death could only be produced by a single cause, or a combination of causes produced by the same agency. Here, several distinct causes of the death are charged, each of which cannot admit of the existence of the other. Courts will not disregard repugnant allegations.

2. In this state there is no such crime as an "attempt to commit murder," or "an attempt to commit manslaughter." And if the offense of assault is not an offense necessarily included in the offense of murder in the first degree, then the verdict in this case cannot authorize a judgment. (1 Kas. 448; 2 id. 405; 3 id. 485.) See also, 5 Ohio, 241; 115 Mass. 150; 12 Iowa, 66; 42 Ill. 217. In all these cases the decision is put upon the ground that the assault is a part of the offense. They therefore cannot be held authorities to sustain this verdict. (See also 4 Scam. 197; *Wright v. The State,* 5 Ind. 527.)

3. The court erred in taxing as costs, fees allowed under § 139, to the county attorney, for the prosecution of a case of murder.

*Mills & Wells,* for appellee:

Can a defendant be charged in the same information, in different counts, with killing by different means or instruments? That is the very purpose and use of different counts, in charging the crime of murder.

It is a practice sustained everywhere, and upheld by all

authority. (1 Wharton's Crim. Law, §§ 424, 425, 416; 1 Kas. 340; 51 Ind. 14.)

The information in each count in fact charges an "assault," and that the defendant did strike, hit, beat and bruise, and knock down, the said John McGuire; and the jury found the defendant guilty of assault and battery.

It would seem that the offense found was described and charged; but counsel say that when murder is charged, the misdemeanor of assault and battery is merged in the greater charge, and conviction can only be had for murder or manslaughter.

Such was the law at one time in England, because trials for felonies and misdemeanors were not conducted alike.

Under the English rule, a person charged with an assault with intent to kill could not be found guilty of an assault. A person charged with grand larceny could not be found guilty of petty larceny. A person charged with rape could not be found guilty of an assault. A person charged with murder could not be found guilty of "assault and battery." In short, a person charged with any kind of a *felony* could not be convicted of a *misdemeanor*. But such is not the law in this country. (1 Wharton's Am. Crim. Law, § 400; 5 Ohio, 242; 1 Kas. 448; 3 Hill, 92; 1 Vroom, 185.) This question is disposed of by express statute in this state. (Sec. 122 of the Criminal Code.)

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for murder in the first degree. But the defendant was found guilty of an assault and battery only, and was sentenced to pay a fine of $200 and costs, and to be imprisoned in the county jail until such fine and costs were paid. He is now suffering such imprisonment under said sentence; and to release himself therefrom, he not only brings the case to this court on appeal, but also applies for a writ of *habeas corpus*. With the views that we entertain of the questions involved in these two cases, it is unnecessary to discuss the questions aris-

ing on the application for the writ of *habeas corpus;* for after we decide the case on the appeal, the imprisonment then ensuing will be legal, whether the imprisonment is now legal or not. The writ of *habeas corpus* will be denied. We shall now proceed to discuss the case on the appeal.

I. The defendant claims that the information upon which he was tried was insufficient, because it set forth that the assault, battery and killing, with which he was charged, were done in two different ways: *First,* by means of blows from "some deadly weapon or instrument, the kind and description of which are unknown;" and, *second,* by means of blows from his "hand and fist." The information contained two counts, in the first of which it was charged that the assault, battery and killing were done by means of said unknown deadly weapon, and in the second of which it was charged that they were done by means of the defendant's hand and fist. There can certainly be no objection to this mode of pleading or this mode of setting forth a crime. (1 Wharton Crim. Law, §§ 424, 425, 426.) We think the information was sufficient.

II. The defendant also claims that as he was charged with murder in the first degree, he could not legally be found guilty of, or sentenced for, a mere assault and battery. It is admitted that this could not be done at common law; but the reason for the rule at common law never had any existence in Kansas, and therefore, according to a well-recognized legal maxim, the rule itself never had any existence in Kansas. Besides, we have a statute that governs in just such cases. Sections 121 and 122 of the criminal code read as follows:

"SEC. 121. Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense.

"SEC. 122. Upon the trial of an indictment for a felony, the defendant may be found guilty of any other felony or misdemeanor necessarily included in that with which he is

charged in the indictment or information." (Comp. Laws. of 1879, p. 747.)

Counsel for the defendant say in their brief: "Nor is there in this state any such crime as the attempt to commit murder, or the attempt to commit manslaughter." Evidently, counsel have overlooked § 283 of the crimes act. (Comp. Laws of 1879, p. 370.)

At common law, a defendant charged with committing a. felony could not be convicted of committing a misdemeanor. This, however, as we have seen, has been changed in this state by statute. (See said §§ 121 and 122, and *Guy v. The State*, 1 Kas. 448.) And so has the common law rule been changed in many of the other states. (See cases cited by counsel for the state, and 1 Wharton's Crim. Law, § 400, and cases there cited.) The assault and battery of which the defendant was convicted, were clearly and necessarily included in the supposed murder with which he was charged. That. is, the assault and battery of which the defendant was found guilty were necessary constituents and ingredients of the murder charged against him. Therefore, under said § 122, the defendant could properly be found guilty of the assault. and battery only. The decision in the case of *Wright v. The State*, 5 Ind. 527, we suppose, is good law in Indiana, but it. is not good law in Kansas. The jury in this case evidently had doubts as to whether the death of the deceased was caused by the said assault and battery of the defendant, or by some other cause or causes; and therefore, upon that question, they gave the benefit of the doubt to the defendant, and found in his favor, as to the cause of the death.

III. We think the court below erred in taxing costs. It. taxed $5 costs against the defendant for drawing the information, when it should have taxed only $2.50 therefor. (Counties and county officers' act, § 139; Comp. Laws of 1879, p. 298.) The law allows $5 to be taxed for drawing an information for a felony, and only $2.50 for drawing an information for a misdemeanor; and while the county at-

torney drew an information in this case that included both a misdemeanor and a felony, yet the jury found the defendant guilty of the misdemeanor only, and therefore we think he should be required to pay costs only as for a misdemeanor. The judgment of the court below will be modified as to costs, so as to require the defendant to pay costs only as for a misdemeanor. In this court the costs will be divided equally between the county and the defendant. In all other respects, the judgment of the court below will be affirmed.

All the Justices concurring.