No. 18,921.

THE STATE OF KANSAS, *Appellee,* v. JOHN McCULLOUGH, *Appellant.*

SYLLABUS BY THE COURT.

ASSAULT WITH INTENT TO KILL—*Instructions under Sections 38 and 42 of the Crimes Act—Intoxication.* Instructions distinguishing between sections 38 and 42 of the crimes act, and relating to a defense of gross intoxication to prove the absence of premeditation, deliberation, intent and malice, examined and found correct.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed November 6, 1915. Affirmed.

*James Conly,* and *John W. Blood,* both of Wichita, for the appellant.

*S. M. Brewster,* attorney-general, *Ross McCormick,* county attorney, *W. A. Blake,* deputy county attorney, and *Glenn Porter,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: John McCullough was convicted in the district court of Sedgwick county on a charge of assault with intent to kill.

' It appears that McCullough had been led to believe that the prosecuting witness, W. L. Herman, had caused the arrest

of McCullough's wife. Near the corner of the two principal streets of Wichita, the defendant, while more or less intoxicated, started to cross Main street in the direction where Herman was standing. As he crossed the street, the defendant carried his revolver in his hand. As he approached Herman, it is alleged that he said: "You black ———, you would put my wife in jail, would n't you; I am going to kill you." Herman seized the revolver, so that both he and McCullough had hold of it, and Herman threw McCullough down on the sidewalk and landed on top of him. The two men continued to struggle for the revolver for some time, but eventually McCullough was subdued and taken to jail.

From a conviction under section 38 of the crimes act (Gen. Stat. 1909, § 2526) the defendant appeals, and presses upon our attention two instructions of the trial court as reversible error. These were:

"8. As applied to the facts in this case the essential difference between Section 38 and Section 42 is that Section 38 requires the assault be made on purpose and of malice aforethought, with intent to kill; while Section 42 defines a lower grade of offense, in which the element of malice aforethought is not included. And in order to sustain a conviction under Section 42 it is only incumbent upon the State to prove that the assault was made under such circumstances as would have constituted manslaughter if death had ensued.

"14. You are further instructed that voluntary intoxication is no excuse for crime as long as the offender is capable of conceiving an intelligent design; if the case is otherwise made out beyond a reasonable doubt, he will be presumed to have intended the natural and probable consequence of his own act.

"Hence, in this case, if you find the defendant guilty of an assault with intent to kill as charged in the information, and that at the time he did so he was in a state of intoxication, caused by his voluntary action, he is guilty as charged; unless you further find that such intoxication was so extreme as to prevent his mind from the exercise of deliberation or premeditation, and from entertaining the intent and malice aforethought required by Section 38, referred to in the instructions; and, if you find such to have been the condition of his mind, you cannot convict him of any offense higher than that defined by Section 42, referred to in this instruction, and only then unless you believe him guilty beyond a reasonable doubt under said Section 42, as defined more fully by other instructions herein."

These are but two of the nineteen instructions given by the court, and while appellant objected to them all, no errors in the others are pointed out.

The State v. McCullough.

We could add nothing which would be any more precise statement of the law than that given by the trial court in its eighth instruction as applied to this case. The court merely distinguished the elements of intent or lack of intent as placing the offense under section 38 or section 42.

In *The State v. Burwell*, 34 Kan. 312, 8 Pac. 470, it was said:

"Where a criminal information sets forth facts sufficient to constitute the offense of assaulting and wounding a person with intent to commit murder, under section 38 of the act relating to crimes and punishments, and the facts as thus set forth also constitute the offense of wounding under such circumstances as would constitute manslaughter if death had ensued, under section 42 of the crimes act, *held*, that the jury may find the defendant guilty of either of the offenses charged, as the evidence will justify. And generally, wherever a person is charged upon information with the commission of an offense under one section of the statutes, and the offense as thus charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense." (Syl. ¶ 2.)

(*The State v. Fisher*, 8 Kan. 208; *The State v. O'Kane*, 23 Kan. 244; *The State v. Watson*, 30 Kan. 281, 1 Pac. 770. See, also, *The State v. Countryman*, 57 Kan. 815, 828, 48 Pac. 137.)

Touching the fourteenth instruction, appellant has no ground of complaint. His evidence tended to show, if the jury saw fit to believe it, that he was so drunk as to have no knowledge of his acts. Assuming that extreme intoxication would reduce his crime to the grade covered by section 42 of the crimes act (Gen. Stat. 1909, § 2530), the instruction was liberal, even generous, to defendant. (*The State v. Mowry*, 37 Kan. 369, 15 Pac. 282; *The State v. Rumble*, 81 Kan. 16, 20-23, 105 Pac. 1.)

There is no error in this case and the judgment is affirmed.