No. 26,132.

THE STATE OF KANSAS, *Appellee,* v. WAYNE HURLBERT, *Appellant.*

SYLLABUS BY THE COURT.

CRIME AGAINST NATURE—*Act Constituting Offense.* Proof of actual lecherous penetration of a living body *per os* is sufficient under R. S. 62-1417 to support a conviction of the crime against nature denounced by section 231 of the crimes act, R. S. 21-907.

Appeal from Geary district court; CASSIUS M. CLARK, judge. Opinion filed April 11, 1925. Affirmed.

*David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *I. M. Platt,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Defendant was convicted of the felony denounced in R. S. 21-907. The proof showed that defendant had committed this abomination with an eleven-year-old boy, serving alternately as actor and catamite, as Zeus and Ganymede.

The sole error urged is that the evidence which proved a penetration *per os* was not sufficient to sustain a conviction. It is argued that the statute is an inheritance of the common law, where carnal penetration *per anum* was the particular form of abomination which shocked the sensibilities of our forefathers and fell into their category of crimes.

There is a plethora of juristic learning in the lawbooks on this morbid subject for all who choose to pursue it, with illuminating sidelights touching such depravities in Holy Writ and in Greek and Cretan mythology; but this court is content to rest on the fair import of the language of our own statute, which reads:

"Proof of actual penetration into the body shall be sufficient proof to sustain an indictment or information for rape, or for the crime against nature." (R. S. 62-1417.)

The court holds that proof of any actual, lecherous penetration of the body of a man, woman or beast, *per os, per anum,* or in any other manner contrary to nature, will sustain a conviction.

We do not overlook the decisions which hold a different view. (*State v. Johnson,* 44 Utah 18, 137 Pac. 18, and citations.) But without attempting to analyze possible differences in statutes which

may justify different judicial conclusions, this court finds itself in excellent company on this question. See *Glover v. State,* 179 Ind. 459, 45 L. R. A., n. s., 473, and citations and notes; Note to *Kinnan v. State,* 86 Neb. 234, in 27 L. R. A., n. s., 478; *State v. Start,* 65 Ore. 178, 46 L. R. A., n. s., 266, 132 Pac. 512.

The judgment is affirmed.