No. 31,911

THE STATE OF KANSAS, *Appellee*, v. HOMER LANAM, *Appellant*.

(36 P. 2d 966)

Opinion filed November 3, 1934.

*Walter L. Bullock,* of Dodge City, for the appellant; *Charles H. Russell,* of Dodge City, of counsel.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, *Eldon R. Wallingford* and *Forrest D. Smythe,* special assistant attorneys-general, and *H. C. Mayse,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: Defendant was charged with the crime of felonious assault in violation of R. S. 21-431. He was convicted of assaulting and endangering the life of another under such circumstances that had death ensued the appellant would have been guilty of murder or manslaughter, in violation of R. S. 21-435. He appeals.

D. W. Smiley was the city marshal of Minneola. He was in a garage about 8 o'clock in the evening. Defendant came into the garage to pay a dollar on account. Mr. Smiley saw that he had been drinking and told him to go home. The defendant left. In ten minutes the marshal again saw defendant and told him to go home. Defendant answered, "I did," and left. In a few minutes defendant returned with a gun in his hand. The marshal started toward defendant saying, "Homer, put that gun down, this is no place to be throwing a gun around." Defendant said, "Stop, or I will shoot." The marshal said, "You aren't going to shoot anybody," and kept on going. Defendant said, "If you take another step I will kill you." Bystanders then induced defendant to give up the gun. There was some evidence that at the time of pointing the gun defendant said Smiley had run this town long enough and he would run it awhile. The gun was loaded.

Defendant was charged as follows:

"That on the 10th day of December A. D., 1933, in said county of Clark and state of Kansas, one Homer Lanam did then and there unlawfully, feloniously,

with malice aforethought with a certain gun, commonly known as a Colt .38 caliber special revolver, the same being then and there a deadly weapon which the said Homer Lanam then and there held in his right hand in and upon D. W. Smiley then and there being, feloniously, on purpose and of his malice aforethought with intent then and there to kill, did make an assault and the said Homer Lanam at the time and place aforesaid, feloniously on purpose and of his malice aforethought did point at and threaten to shoot him, the said D. W. Smiley."

R. S. 21-431 is as follows:

"Every person who shall, on purpose and of malice aforethought, . . . assault . . . another with a deadly weapon, . . . with intent to kill, . . . shall be punished by confinement and hard labor for a term not exceeding ten years."

The evidence was about as detailed here. The court instructed the jury on the above section and also on R. S. 21-435. This section is as follows:

"If any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter if death had ensued, the person by whose act, procurement or negligence such injury or danger of life shall be occasioned shall, in cases not otherwise provided for, be punished by confinement and hard labor not exceeding five years, or in a county jail not less than six months."

The court also instructed on simple assault.

The argument of defendant is that under the facts proved he was guilty of simple assault if he was guilty of anything. It is hard to imagine a case where it is any plainer that the facts necessary to raise the offense to a higher degree than simple assault exist. The gun was pointed, it was loaded, intent to kill was shown by the statements of defendant. There remained only the pulling of the trigger for murder or manslaughter to ensue. The facts come clearly within the statute.

Defendant next argues that since the facts established simple assault and the information charged assault with a deadly weapon that it was error for the court to instruct the jury on any other crime than the one charged. This is not the rule. In the case of State v. Burwell, 34 Kan. 312, 8 Pac. 470, this court held:

"Where a criminal information sets forth facts sufficient to constitute the offense of assaulting and wounding a person with intent to commit murder, under section 38 of the act relating to crimes and punishments, and the facts as thus set forth also constitute the offense of wounding under such circumstances as would constitute manslaughter if death had ensued, under section

42 of the crimes act, held, that the jury may find the defendant guilty of either of the offenses charged, as the evidence will justify. And generally, wherever a person is charged upon information with the commission of an offense under one section of the statutes, and the offense as thus charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense." (Syl. ¶ 2.)

See, also, *State v. Fisher,* 8 Kan. 208; *State v. O'Kane,* 23 Kan. 244; *State v. Watson,* 30 Kan. 281, 1 Pac. 770.

The judgment of the trial court is affirmed.