No. 39,002

State of Kansas, *Appellee,* v. Kenneth Fletcher, *Appellant.*

(256 P. 2d 847)

Opinion filed May 9, 1953.

*Keith Martin,* of Mission, argued the cause and was on the briefs for the appellant.

*James H. Bradley,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *James B. Pearson* and *Herbert L. Lodge,* assistant county attorneys, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: The defendant was convicted of a crime against nature as denounced by G. S. 1949, 21-907. His motion for a new trial was denied and he has appealed to this court.

We limit our review of the evidence to those matters necessary to a discussion of appellant's specification of errors.

Appellant first complains that the trial court erred in the admission of certain advertising material and photographs. The evidence disclosed that appellant was arrested a short time after the offense was committed, while riding in an automobile in which the offense occurred. A search of the car produced some advertising of what is said to be physical culture literature and a search of appellant's person produced some pictures showing unnatural sexual intercourse and other lewd conduct. The state sought to introduce the advertising matters and the pictures, to which appellant objected. The

trial court overruled the objection and admitted the evidence as tending to show the character, habits, motives, disposition and practices of the appellant and it may be observed that its written instructions to the jury covered the matter. Appellant directs our attention to decisions from other jurisdictions holding such evidence admissible where shown to the victim prior to the offense and urges that as that was not done in the instant case the evidence was inadmissible. In its broadest sense sodomy is carnal copulation by human beings with each other against nature, in which sense it includes crimes against nature (see 58 C. J. 787, and 48 Am. Jur. 549) and general rules govern as to what evidence is or is not admissible in prosecution for the offense (see 58 C. J. 793 and 48 Am. Jur. 551). We have no disposition to write a treatise on what evidence may be introduced to show character, motive and intent of an accused, nor to review many of our decisions collected in West's Kansas Digest, Criminal Law, §§ 369 and 371, and Hatcher's Kansas Digest (Rev. Ed.) Criminal Law, §§ 268, 269 and 270. An informative article on "Evidence of Evil Propensity" covering rulings in Great Britain may be found in The Modern Law Review for January, 1949, Vol. 12, No. 1. In our opinion the trial court did not err in admitting the evidence for the limited purpose stated by it, and which it repeated in its instructions to the jury.

Appellant complains also of a ruling of the trial court excluding certain evidence. The excluded evidence was not produced on the hearing of the motion for a new trial and we have nothing to review. See *State v. Zeilinger,* 147 Kan. 707, Syl. ¶ 3, 78 P. 2d 845.

Appellant complains that the trial court erred in not instructing on claimed lesser offenses. No request was made for such an instruction. The question is whether the failure to give such an instruction, even though not requested, was erroneous under G. S. 1949, 62-1447, which requires the trial court in charging the jury to state all matters of law necessary for their information in giving their verdict. The specific complaint is that the trial court should have charged the jury with respect to the offense denounced in G. S. 1949, 21-908, pertaining to adultery, unlawful cohabitation, open lascivious behavior and open and notorious acts of public indecency, and with respect to the offense denounced in G. S. 1949, 21-436, with respect to assault and battery. It must suffice here to say that the state's evidence tended to show that appellant was guilty only of G. S. 1949, 21-907, and did not tend in any particular to show guilt under 21-908 or 21-436. In *State v. Bridge,* 173 Kan. 13, 244 P. 2d

195, this court treated the question now under consideration and reviewed many of our previous decisions and in substance upheld the rule that it is not error to refuse an instruction as to lesser offenses when there is no evidence to sustain a verdict on such lesser offenses. In that case request for further instruction had been made, but otherwise the case is analogous. Under that decision and those noted in it the trial court did not err.

Appellant also complains of an instruction which in substance advised the jury the state had produced testimony of other acts by the appellant with other men, and that the jury might consider such acts, if any there were, as bearing on the question of habit, motives and practices of the appellant, but that such acts, if any, were not sufficient in themselves for conviction of appellant. In support appellant cites 22 C. J. S. 1274, dealing with declarations of the accused as to "Other Crimes." Although the first clause tends to support his contention that the commission of an independent crime cannot be shown by the defendant's admission, the remaining parts of the paragraph make it clear that an admission otherwise admissible does not cease to be so because it happens to show an independent crime, and that evidence that accused has admitted the commission of other crimes is competent where the fact of their commission is relevant as for the purpose of showing guilty knowledge or intent. The entire section (§ 738, on page 1272), from which appellant abstracts only a part, shows that admissions of any accused are admissible on the part of the state to prove, *inter alia,* intent, motive, state of mind and guilty knowledge. In our opinion the instruction was not erroneous.

Appellant's next contention is that copulation *per os* is not a crime against nature and therefore that the trial court erred in overruling his motion to quash and in overruling his motion for a directed verdict, and in giving certain instructions. On the same premise he contends the verdict is contrary to the law and the evidence. We shall not review his argument leading up to his conclusion that *State v. Hurlbert,* 118 Kan. 362, 234 Pac. 945, should be reversed or substantially modified. In that case we held that proof of conduct like unto that disclosed by the record before us was sufficient to support a conviction of the crime against nature denounced by G. S. 1949, 21-907. The court was confronted with the same question in *State v. Badders,* 141 Kan. 683, 42 P. 2d 943, and refused to change the holding in the Hurlbert case. Without more, the court approves its rule in the Hurlbert case.

And lastly, appellant contends the trial court erred in denying his motion for a new trial. No argument is presented that has not been considered. There was no error.

The judgment of the trial court is affirmed.