No. 44,465

STATE OF KANSAS, *Appellee*, v. MELVIN PHILLIPS, *Appellant*.

(415 P. 2d 421)

Opinion filed June 11, 1966.

*Gary A. Savaiano* and *Patrick L. Connolly*, both of Topeka, were on the brief for the appellant.

*Robert D. Hecht*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant-appellant, Melvin Phillips, was charged in one count with felonious assault, as defined by G. S. 1949 (now K. S. A.), 21-431, and in a second count with sodomy, as defined by G. S. 1949 (now K. S. A), 21-907.

The case was tried to a jury and resulted in a conviction. The trial court after overruling the defendant's motion for a new trial sentenced him under the habitual criminal act (K. S. A. 21-107a) to be confined in the Kansas State Penitentiary, Lansing, Kansas, for a term of his natural life, on each count, said sentences to run concurrently. Appeal has been duly perfected.

The only question raised on appeal is whether the evidence as set out in the abstract supports the conviction.

The record discloses that Gary A. Savaiano was appointed on the 21st day of October, 1965, to represent the appellant, an indigent. Throughout the trial and upon appeal to this court Mr. Savaiano represented the appellant. It was not until after the appellant's abstract and brief were filed, on the 25th day of February, 1966, that the trial court upon appellant's motion removed Mr. Savaiano, and appointed Patrick L. Connolly as an attorney to represent the appellant.

The evidence established that an eighteen-year-old airman from Forbes Air Force Base by the name of Steven Richard was in the city of Topeka, Kansas, on the 4th day of December, 1964,

where several of his friends from the air base were attempting to assist him because of his intoxicated condition. His friends took Mr. Richard to the bus station for coffee. The appellant then appeared on the scene at the bus station and was rather belligerent in an attempt to take charge of Mr. Richard. Mr. Richard said he had never seen the appellant before that night. Richard's friends were instrumental in getting him into a taxicab and gave the cab driver instructions to take Mr. Richard to Forbes Air Force Base. The appellant crawled into the front seat of the cab. Mr. Eng, one of Mr. Richard's friends, and his wife rode a short distance in the cab enroute to their home. Later, enroute to Forbes Air Force Base the appellant convinced the cab driver that Mr. Richard was badly in need of assistance, whereupon he persuaded the cab driver to take Mr. Richard to his residence at 1023 East 10th Street, Topeka, Kansas, where he had a basement apartment.

The appellant forcibly took Mr. Richard into the apartment and forcibly required him to remain when Mr. Richard attempted to leave. At one point when Mr. Richard tried to leave a fight ensued, and the appellant being much larger pulled a screwdriver inflicting wounds upon Mr. Richard about the face. He then forced Mr. Richard to remove all of his clothing. The evidence discloses that Mr. Richard resisted in the fight and managed to inflict bite wounds upon the appellant's arm.

After the fight the appellant threatened to kill Mr. Richard if he attempted to leave again, and according to the testimony of Mr. Richard the appellant committed the act of sodomy upon him.

The appellant forced Mr. Richard to stay all night, and the following morning the appellant committed the act of sodomy twice more upon his victim before releasing him to return to the air base.

Upon arrival at the air base Mr. Richard immediately informed the air policemen on duty at the gate about the attack, whereupon he was taken directly to the base hospital and examined by a doctor. The doctor testified that his examination revealed the victim was "slightly anxious and that there were abrasions on the face and chest and around the anal area and that there was a slight crack in the anal tissue."

Mr. Richard noted the address of the appellant's residence as he left the place, and accompanied police detectives back to the residence which he identified for them. Later Mr. Richard picked the appellant out of a line-up of five colored men. He also identified the appellant at the trial in the courtroom.

The arrest of the appellant was effected by officers who testified they saw teeth marks on the appellant's arm at the time of the arrest, thus corroborating Mr. Richard's identification of the appellant.

The appellant was further identified by the two airmen who assisted Mr. Richard at the bus station on the night of December 4, 1964, and by the cab driver.

The felonious assault charged in Count I of the information is defined as set forth in K. S. A. 21-431. In pertinent part it reads:

"Every person who shall, on purpose and of malice aforethought, . . . stab another, or assault or beat another, . . . with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, . . . shall be punished by confinement and hard labor for a term not exceeding ten years."

It has been held that it is a violation of the foregoing statute to point a gun at another and threaten to shoot. In *State v. Lanam*, 140 Kan. 434, 36 P. 2d 966, the court said:

". . . It is hard to imagine a case where it is any plainer that the facts necessary to raise the offense to a higher degree than simple assault exist. The gun was pointed, it was loaded, intent to kill was shown by the statements of defendant. There remained only the pulling of the trigger for murder or manslaughter to ensue. The facts come clearly within the statute." (p. 435.)

The facts in the instant case, in our opinion, warranted the jury in finding the appellant guilty of felonious assault under the foregoing statute. The evidence clearly established that the appellant forced his victim to remain in the apartment, fought with him, cut him with a screwdriver for the sole and singular purpose of carrying out his detestable acts against an innocent victim who had as his only fault an excessive consumption of alcohol. The malice aforethought required by the foregoing section of the statute may be inferred from the act done by the appellant. The evidence affords a basis for such an inference.

The offense charged in Count II of the information is sodomy. It is defined by K. S. A. 21-907 as follows:

"Every person who shall be convicted of the detestable and abominable crime against nature, committed with mankind or with beast, shall be punished by confinement and hard labor not exceeding ten years."

It has been held in *State v. Hurlbert*, 118 Kan. 362, 234 Pac. 945, that the provisions of what now appears as K. S. A. 62-1417, which read, "Proof of actual penetration into the body shall be sufficient proof to sustain an indictment or information for rape, or for the

crime against nature," apply to prosecutions brought under 21-907, *supra.* The court there held:

"The court holds that proof of any actual, lecherous penetration of the body of a man, woman or beast, *per os, per anum,* or in any other manner contrary to nature, will sustain a conviction." (p. 362.)

We have reviewed the evidence and hold, without going into detail, that it was sufficient to warrant the jury in finding the appellant guilty of sodomy.

Where the record discloses sufficient evidence to warrant a finding by the jury that the accused in a criminal case is guilty of each of the charges filed against him, the appellate court will not interfere with such findings by substituting its evaluation of the evidence for that of the jury.

The judgment of the lower court is affirmed.