## No. 43,166

STATE OF KANSAS, *Appellee,* v. JAMES LeVIER, *Appellant.*

(451 P. 2d 142)

Opinion filed March 8, 1969.

*B. L. Pringle,* of Topeka, argued the cause, and was on the briefs for the appellant.

*Gene M. Olander,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a reinstated direct appeal in a criminal action wherein the defendant, James LeVier, was convicted by a jury of assault with intent to ravish (G. S. 1949 [now K. S. A.] 21-431) and temporarily depriving the owner of an automobile of the use thereof (G. S. 1949 [now K. S. A.] 21-544). Following the denial of defendant's motion for new trial, the district court sentenced him

to the penitentiary under the habitual criminal act on the felony charge, and to the county jail on the misdemeanor charge, said sentences to run concurrently.

Before proceeding to the four specifications of error, we shall briefly recite the events giving rise to defendant's incarceration. On December 4, 1961, about 10:00 p. m., the complaining witness, Cecelia Bolandren, was walking down the street near Brownie's Tavern in Topeka, looking for her husband. As she crossed the street in the middle of the block she met a man she had never seen before, whom she later identified as the defendant, coming out of the tavern. He had a can of beer and offered her some, but she declined. He then invited her to accompany him. She refused. The man swore at her and insisted she go with him. Again she refused, and walked toward the tavern. The man then got into an automobile parked on the corner across the street from the tavern. Instead of entering the tavern, Mrs. Bolandren turned away and started toward her home. As she neared her home she saw a car turning the corner at a high rate of speed. The same man she had previously encountered jumped out of the automobile, ran toward her, cursed her, and asked her if she had any money. When she told him no, he took her purse and ordered her to get in the car. She refused. The man then grabbed her, assailed her with verbal obscenities, and threatened to kill her when she refused to submit to his sexual demands. He hit her about the face, head and mouth with his fists, and as she started to run away, he knocked her down. In the ensuing scuffle they rolled on the ground, the man grasping and clutching Mrs. Bolandren's breasts in his hands, again threatening to kill her if she told anyone about the incident. The struggle ended with Mrs. Bolandren's head coming to rest under the car by the rear wheel. The man jumped into the vehicle; Mrs. Bolandren moved her head and only her hair was run over as the car sped away. As a result of the beating, Mrs. Bolandren suffered cuts and bruises on her mouth and nose, and lost a considerable amount of blood, as evidenced by bloodstains later found on her coat and blouse. Mrs. Bolandren then made her way to a neighbor's house, and the police were called. The police took Mrs. Bolandren to the police station where she related her experience to two detectives. Several hours later Mrs. Bolandren identified the defendant in a lineup as the man who had assaulted her.

The evidence further disclosed that the automobile defendant

was driving at the time of the assault belonged to a waitress at the tavern and had been taken from its parking place shortly before 10:00 p. m. The vehicle was found soon afterwards in the vicinity of the tavern. The waitress identified the defendant in a lineup as the person she had seen running from the car when it was returned. The purse taken from Mrs. Bolandren when she was assaulted was found in the car.

The record discloses defendant was represented by retained counsel until five days prior to trial, when his counsel withdrew and the court appointed Mr. William R. Brady, an experienced attorney of the Shawnee County Bar. The case proceeded to trial on March 6, 1962.

Defendant's initial complaint is that his court-appointed counsel was not given sufficient time to prepare an adequate defense. Neither the defendant nor his counsel requested a continuance; hence, the defendant is in no position now to urge the point as a ground for reversal. Even had the trial court denied a request for continuance, its ruling would not be disturbed, since there has been no affirmative showing the court abused its discretion to the extent the defendant's substantial rights were prejudiced. (*State v. Milum,* 202 Kan. 196, 447 P. 2d 801; *State v. Patterson,* 200 Kan. 176, 434 P. 2d 808.) The state's witnesses were thoroughly cross-examined by defense counsel. Defendant offered his own testimony and that of other witnesses in support of his plea of alibi. There is no indication in the record the defense was inadequately prepared for trial, and under the circumstances, defendant's substantial rights were not prejudiced by his being placed on trail five days after the appointment of counsel.

Defendant next urges the court erred in admitting testimony concerning identification of him at two separate "illegal" lineups, and relies on *United States v. Wade,* 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926. The contention is without merit. The constitutional rule established in *Wade,* as well as in *Gilbert v. California,* 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, is not retroactive and applies only to cases involving confrontations for identification purposes conducted after the date of those decisions on June 12, 1967. (*Stovall v. Denno,* 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967; *State v. Kimmel,* 202 Kan. 303, 448 P. 2d 19; *State v. Chuning,* 201 Kan. 784, 443 P. 2d 248, cert. denied 393 U. S. 1069, 21 L. Ed. 2d 712, 89 S. Ct. 726.) The lineups here were conducted in December 1962. Defendant's main argument is the lineups were

"fixed," because he was the only darkskinned person of Mexican or Indian race, and the other men were all older than he. This was a matter thoroughly explored by defense counsel on cross-examination of the complaining witness, the waitress at the tavern, and at least two police officers. No objection was interposed to the testimony, and the adequacy of the evidence relating to identification was a matter for the jury. In *State v. Hill*, 193 Kan. 512, 394 P. 2d 106, we said:

"The means whereby or the manner in which an extrajudicial identification is made goes to the weight of the evidence rather than to its admissibility." (Syl. ¶ 2.)

(Also, see, *State v. Sanders*, 202 Kan. 551, 451 P. 2d 148; and *State v. Childs*, 198 Kan. 4, 422 P. 2d 898.)

The remaining specifications of error relate to defendant's conviction of assault with intent to ravish in violation of 21-431. Defendant asserts the trial court erred in overruling his motion for new trial, because the verdict finding him guilty of the offense under 21-431 was not supported by the evidence. He directs our attention to the information, which charged, in part, that:

". . . James Laveir (sic) . . . on the _____ day of December, A. D. 1961, did unlawfully, feloniously, and willfully

. . . . . . . . . . . . . . .

". . . on purpose and of malice aforethought assault one Cecelia Bolandren with a deadly weapon, to-wit: his fists, with the intent to ravish the said Cecelia Bolandren. . . ."

and argues there was no proof to establish his fists were a deadly weapon, as required by the statute.

The pertinent portion of 21-431, as it relates to the charge of assault with intent to ravish, states:

"Every person who shall, on purpose and of malice aforethought, . . . assault or beat another, or assault or beat another with a deadly weapon, . . . with intent to . . . ravish . . . such person . . . shall be punished. . . ."

We are not compelled to decide whether an assault with a man's fists, under the facts in this case, constituted an assault with a deadly weapon. The wording of the statute, being in the disjunctive, requires only that there be an assault or beating on purpose and of malice aforethought with the intent to ravish. The allegation that fists are "a deadly weapon" may be stricken as surplusage, and, absent the allegation, the information still charged an offense

under the statute. We note that the sufficiency of the information was never challenged by a motion to quash. Be that as it may, surplusage or redundant allegations will not vitiate an information where there is specific matter alleged sufficient to indicate the crime and person charged. Thus, an information which sufficiently charged the defendant with the commission of a specific offense is not rendered defective by additional language descriptive of the manner and means by which it was committed, such language being, at most, only surplusage. (G. S. 1949 [now K. S. A.] 62-1011; *State v. Sharp,* 202 Kan. 644, 451 P. 2d 137; *State v. Champ,* 172 Kan. 737, 242 P. 2d 1070; *State v. Morrison,* 46 Kan. 679, 27 Pac. 133; *State v. Furney,* 41 Kan. 115, 21 Pac. 213; 41 Am. Jur. 2d, Indictments and Informations §§ 71, 74; 4 Wharton's Criminal Law and Procedure, Indictment and Information § 1767, p. 565.) The failure to prove an immaterial allegation in the information does not constitute a fatal defect so long as the substance of the offense charged is proved. (*State v. Lee,* 197 Kan. 463, 419 P. 2d 927, cert. denied 386 U. S. 925, 17 L. Ed. 2d 797, 87 S. Ct. 900, rehearing denied, 386 U. S. 978, 18 L. Ed. 2d 142, 87 S. Ct. 1170; *State v. Wahl,* 118 Kan. 771, 236 Pac. 652; *State v. Wiencha,* 114 Kan. 448, 219 Pac. 497; 41 Am. Jur. 2d, Indictments and Informations § 266; 42 C. J. S., Indictments and Informations § 250.)

After a careful review of the record we are of the opinion the state's evidence, as previously narrated, was sufficient to establish the defendant acted with malice aforethought when he assaulted and beat Mrs. Bolandren, and possessed the requisite intent to ravish her. A man is presumed to do that which he actually does and to intend the consequences which naturally and probably flow from his voluntary acts. (*State v. Donahue,* 197 Kan. 317, 416 P. 2d 287.) Furthermore, malice aforethought, as required by the statute, may be inferred from the circumstances surrounding the assault, such as the character of the assault made, and whether the attack was unprovoked or deliberately committed. (*State v. Lee,* supra; *State v. Phillips,* 197 Kan. 70, 415 P. 2d 421.) It is obvious here the jury believed Mrs. Bolandren's account of what occurred and gave no credence to defendant's plea of alibi. We believe from her evidence the jury could infer that defendant possessed the requisite felonious intent to ravish her. Likewise, the jury, in accepting Mrs. Bolandren's testimony, was justified in drawing an in-

ference of malice aforethought from all the circumstances attending the assault itself.

Defendant's final contention is that the trial court erred in failing to instruct on the lesser included offenses of assault with intent to commit a felony under G. S. 1949 [now K. S. A.] 21-434, and simple assault under G. S. 1949 [now K. S. A.] 21-436. We note defendant did not request the jury be instructed on the lesser offenses. The question is whether the failure to give such an instruction, even though not requested, was erroneous under G. S. 1949 [now K. S. A.] 62-1447, which requires the trial court, in charging the jury, to state all matters of law necessary for its information in rendering a verdict. In a proper case, 21-434 and 21-436 cover lesser included offenses in an information charging a felonious assault under 21-431; and when the evidence justifies the court's instructing on the lesser offenses, it is its duty to do so. (See, *State v. Schaefer,* 190 Kan. 479, 375 P. 2d 638; *State v. Hanks,* 179 Kan. 145, 292 P. 2d 1096; *State v. Murray,* 83 Kan. 148, 110 Pac. 103.) The trial court, however, is not required to instruct on lesser included offenses which are not naturally or reasonably supported by the evidence. We have said it is not error for the court to omit instructing the jury on lesser offenses included in the charge when the evidence tends only to establish the greater offense charged and does not tend to establish any of the lesser offenses included therein. (*State v. Fletcher,* 174 Kan. 530, 256 P. 2d 847; *State v. Bridge,* 173 Kan. 13, 244 P. 2d 195, and cases cited therein. Also, see, *State v. Mitchell,* 181 Kan. 193, 310 P. 2d 1063, 68 A. L. R. 2d 895.) In *State v. Hoy,* 199 Kan. 340, 430 P. 2d 275, the defendant relied solely on alibi as a defense, and was convicted of first degree murder. In holding that the trial court did not err in failing to instruct on lesser degrees of the offense, we said:

"In a prosecution for first degree murder failure to instruct the jury on any lesser degree is not error if the evidence at the trial excludes theory of guilt on any lesser degree of the crime." (Syl. ¶ 1.)

The essential difference between 21-431 and 21-434 is that the former requires that the assault be made on purpose and of malice aforethought. (*State v. McCullough,* 96 Kan. 453, 152 Pac. 766; *State v. Murray,* supra; *State v. O'Shea,* 59 Kan. 593, 53 Pac. 876.) Both the elements of malice aforethought and intent to commit a felony are absent in 21-436. The defense in this case, as in *Hoy,* was that of alibi, which the jury refused to believe. There was no

550

evidence tending to discredit or mitigate the testimony of Mrs. Bolandren or that of any of the state's witnesses concerning the assault upon her, and the evidence was ample to support the verdict finding the defendant guilty under 21-431. In our view the evidence did not tend to establish the defendant's guilt of the lesser offenses under 21-434 and 21-436, and an instruction in regard thereto was neither justified nor warranted.

The judgment is affirmed.