No. 45,375

STATE OF KANSAS, *Appellee,* v. JAMES T. LeVIER, *Appellant.*

(455 P. 2d 534)

Opinion filed June 14, 1969.

*Wilburn Dillon, Jr.,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This proceeding deals with an indigent prisoner's right to have court-appointed counsel represent him upon a parole hearing before the state board of probation and parole.

In March, 1962, appellant James T. LeVier was convicted in the district court of Shawnee county, Kansas, of the offenses of assault with intent to ravish and of temporarily depriving the owner of an automobile of the use thereof. A previous felony conviction being shown, he was sentenced to the penitentiary for a term of not to exceed twenty years. Upon direct appeal this court affirmed the judgment and sentence (*State v. LeVier,* 202 Kan. 544, 451 P. 2d 142) and appellant has been confined pursuant to it.

While so confined appellant received notice of a parole interview scheduled in May, 1968, before the state board of probation and parole, pursuant to K. S. A. 62-2245. He thereupon filed a motion in the sentencing court for the appointment of counsel to represent him before the board, alleging he was financially unable to employ counsel. On April 12, 1968, the trial court determined it had no authority to appoint counsel and denied appellant's motion. This appeal is from that denial.

Appellant contends that as an indigent prisoner he had both a constitutional and a statutory right to appointed counsel to represent him before the board in connection with the possible granting of parole.

Recently, in *Johnson v. Stucker*, 203 Kan. 253, 453 P. 2d 35, we considered an analogous situation. There, an inmate of the state reformatory had been released on parole and subsequently was arrested on a parole violation warrant and returned to the reformatory for a parole revocation hearing. The board denied his request to have retained counsel present at this hearing. Upon appeal, we concluded the right to counsel as a constitutional requirement of due process of law does not extend to a parole revocation hearing before the state board of probation and parole. No greater or more vital right to counsel can be claimed or justified in a proceeding where parole may be granted than in one where parole may be revoked; hence we regard this precedent controlling. We hold there is no constitutional right in an indigent to appointed counsel before the state board of probation and parole in a proceeding to determine whether parole should be granted.

Also in *Johnson* we considered the statutory provisions governing proceedings wherein parole may be revoked by the board as well as where it may be granted (K. S. A. 62-2226, *et seq.*) and also the board's rules and regulations relating to the conduct of parole hearings. We concluded a parolee is not entitled to have retained counsel present and appear with him as a matter of right at a revocation hearing. Again, we think this ruling controlling here. Appellant makes the additional argument he was impliedly entitled to court-appointed counsel by reason of the provisions of K. S. A. 1968 Supp. 62-1304. This statute provides that on arraignment upon an information in district court an indigent shall, under certain circumstances, have counsel appointed by the court. Appellant argues the parole board in effect fixes the sentence and that its action is thus equivalent to the sentencing action of the trial court, giving rise to the right to court-appointed counsel. This ingenious argument fails to take into account the essential nature of parole. Parole is "the release of a prisoner to the community by the parole board prior to the expiration of his term, subject to conditions imposed by the board and to its supervision" (K. S. A. 62-2227). Parole is a privilege, a matter of grace (*Johnson v. Stucker*, supra). It is not a determination of sentence or a reduction of sentence but is a means whereby a sentence already imposed may be served in the community under supervision.

We hold an indigent prisoner has no statutory right to court-

appointed counsel to represent him before the state board of proba-
tion and parole in connection with the granting of a parole.

The judgment of the district court is affirmed.

APPROVED BY THE COURT.