## JOHN OGDEN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon November 5, 1890.*

1. EVIDENCE—*facts from the sense of hearing—as distinguished from mere matter of opinion.* The statement of a fact by a witness which he ascertained through the sense of hearing, is not the statement of mere matter of opinion, but is the statement of a conclusion reached directly and primarily from an operation of the sense of hearing, and is admissible in evidence.

2. SAME—*accused testifying in his own behalf—on cross-examination, asking as to a prior conviction of another offense.* On a trial of one under an indictment for robbery, the defendant testified in his own behalf, and on cross-examination he was asked if he had not been indicted and convicted of an assault to kill. On objection, the court ruled that the witness might answer the question or not, as he saw fit. Defendant's counsel, understanding that the court allowed the question, directed him to answer, and he testified that he had been once indicted for the offense named, and convicted simply of an assault and battery: *Held,* that there was no error. A misapprehension of counsel can not be regarded as an error on the part of the court.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. GORDON & ALLISON, for the plaintiff in error:

The opinions of witnesses are generally inadmissible. *Gallagher* v. *People*, 120 Ill. 180; 1 Greenleaf on Evidence, sec. 440.

As to the sufficiency of the evidence, see *Ackerson* v. *People*, 124 Ill. 563; *Feister* v. *People*, 125 id. 348; *McMahon* v. *People*, 120 id. 581.

The State can not show a conviction of an assault and battery, for the purpose of affecting credibility. *Bartholomew* v. *People*, 104 Ill. 601.

The State can not prove particular acts of bad conduct against the accused in a criminal prosecution.   Proof of his

general character, only, is admissible. *Engleman* v. *State*, 2
Ind. 91; 52 Am. Dec. 494; *People* v. *Greenwall*, 108 N. Y. 296.

Mr. GEORGE HUNT, Attorney General, for the People:

The testimony relating to the identity of the prisoner by his
voice is claimed to be opinion. It is an opinion *of* fact, and
not on the fact. Every statement of a witness is an opinion
in the same sense that this is an opinion. Every man pos-
sessed of all his faculties has five senses, and each and all of
these may be used by him in obtaining information as to any
fact. If by the use of any or either of his senses he ascertains
a fact, he may state that fact as a fact, if otherwise compe-
tent. If a man sees an object, and testifies to its identity, he
only gives an opinion. That opinion, however, is one derived
directly from the operation of his own senses as an existing
fact, and not an opinion based upon information of a second-
ary character, and arrived at as a logical conclusion from
facts known or secondarily obtained.

The witnesses do not give it as an opinion in the sense of
uncertainty, or as a logical conclusion from the consideration
of a combination of evidentiary facts, but state directly, posi-
tively and unequivocally, that the assailant was John Ogden.
That was a conclusion reached directly and primarily from
an operation of the senses, or the sense of hearing.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Plaintiff in error was indicted, tried and convicted upon a
charge of robbery, and sentenced to the penitentiary for a term
of ten years.

On November 2, 1889, Andrew Martin received pension
money amounting to $240. He lived about a mile from
Brewerville, in Randolph county. On the night of November 5
following, he, his wife and his daughter were asleep, when they
were aroused by a rap at the door. He lit a lamp, went to
the door and opened it, and a man outside, who had his face

wrapped up in a red flannel, ordered him to blow out the light and give up his money, or he would blow his brains out. Martin, influenced by this threat, delivered up $173 in money. During the transaction other conversation besides that which we have referred to passed between the parties.

The material question in the case is in respect to the identification of plaintiff in error as the party who committed the robbery. Martin, his wife and his daughter had known plaintiff in error for some ten years, and he had frequently been at their house. At the trial, both Lucretia Martin, the wife, and Lucinda Martin, the daughter, testified positively to the identification, and that they recognized him by his voice. It was also shown in evidence that Andrew Martin had died after the preliminary examination and prior to the trial, and that at such examination the testimony given by him was substantially the same as that of Lucretia and Lucinda at the trial. This evidence was corroborated by the testimony of Gus Clark and James McNab, in regard to plaintiff in error leaving his room, about two miles from the place of the robbery, at about ten o'clock on the night the crime was committed, and also in regard to statements made by him the next morning. On the part of plaintiff in error there was positive denial of guilt by himself, and also evidence tending to show that he was very drunk both shortly before and shortly after the time that the robbery is supposed to have been perpetrated, and also testimony of an inconclusive and unsatisfactory character tending to prove an *alibi.*

The statement by the witnesses for the prosecution of a fact which they ascertained through the sense of hearing was not the statement of mere matter of opinion, but the statement of a conclusion reached directly and primarily from an operation of the sense of hearing. A witness can learn and know facts by and through the exercise of his perceptive faculties,—his five senses,—and such facts he may state. (*City of Aurora* v. *Hillman,* 90 Ill. 61.) It was a question of fact for the deter-

mination of the jury whether or not the testimony in question sufficiently established the matter of identification, and we are unable to say that the conclusion reached by them was not justified by the evidence, considered as a whole.

In *Klein* v. *The People*, 113 Ill. 596, it was held, that where the proof clearly shows the commission of a robbery, and the defendant is identified as the guilty party by two witnesses, and an *alibi* is relied upon in defense, which is not very satisfactorily proved, giving allowance for differences in time and the opinions of witnesses of the time when the offense was committed, and owing to the proximity of the place where the robbery occurred, a judgment on a verdict finding the defendant guilty will not be reversed. The decision in that case seems to be very much in point when applied to the testimony found in this record.

Plaintiff in error was examined as a witness in his own behalf, and, on cross-examination, he stated that he had once been indicted for an assault to kill, and convicted upon that indictment for an assault and battery. The question which elicited this information was objected to, and the court ruled that the witness might answer or not answer, as he desired. It appears from an affidavit submitted on the motion for a new trial, that the attorney for the defendant misunderstood the ruling of the court, and told his client to answer the question. It is very clear that a misapprehension of counsel can not be regarded as an error on the part of the court. Besides this, it is hardly to be supposed that the mere fact that the defendant had at one time been convicted of an assault and battery could have influenced the jury in the rendition of their verdict.

There is no claim that there was any error in the instructions of the court to the jury.

There is no error in the record. The judgment is affirmed.

*Judgment affirmed.*