## Brown v. Commonwealth.

(Decided April 30, 1920.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Appeal and Error.—A verdict of guilty will not be reversed where upon a consideration of the whole case it satisfactorily appears that accused has had a fair and impartial trial and his substantial rights have not been prejudiced.

2. Criminal Law—Identification of Accused by Voice.—The voice is a competent means of identification and may be made the basis of the conviction of one charged with a criminal offense, especially where accused wore a mask at the time the crime was committed.

S. A. ANDERSON for appellant.

CHARLES I. DAWSON, Attorney General, and T. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant was indicted and upon trial found guilty of the crime of rape and sentenced to the penitentiary for a term of twenty years. If guilty, the sentence was none too severe.

A reversal is asked on the grounds that the verdict is contrary to the evidence and that accused did not have a fair and impartial trial. Under section 271 Criminal Code the trial court is authorized to grant defendant a new trial when his substantial rights have been prejudiced in certain enumerated cases, and upon appeal a judgment of conviction will be reversed for error committed by the trial court, when, upon a consideration of the whole case the court is satisfied defendant has been prejudiced in said rights, Criminal Code, section 340.

We fail to find in this record anything justifying or authorizing a reversal of the judgment appealed from.

The unfortunate victim is a married woman with six children. She was ravished in the presence of her husband after the perpetrator, a nocturnal intruder bent on robbery had been foiled in the attempted robbery. It doth abhor one to think a person would even attempt such a deed under the circumstances; its accomplishment makes one shudder.

The revolting facts have no place in a published opinion and for the sake of decency, morality and the good of society they will not be stated.

According to testimony introduced in defendant's behalf on his motion for a new trial, the prosecuting witness said she thought the man first brought before her by the police was the guilty party, but later she modified this statement. She denied this and says she immediately told the police it was not the man and they thereupon released him. When the defendant was brought before her a few hours later she positively identified him as the one. She so testified in the police court and again upon the present trial. During the hearing on the motion for a new trial she was asked and made the following response to a question by the attorney for the Commonwealth:

"Q. Finally when this man was brought in with another man, did you have any hesitation in your mind about identifying him? A. No, sir; I said all the time he was the man and I say so yet he is the one."

Her testimony finds corroboration in the evidence given by the police officers. Identification was made (a) by a pin worn by the assailant—one of the same description was found on defendant when arrested; (b) by his height, and (c) by his voice.

It was a question for the jury whether the testimony sufficiently established the matter of identification and we are unable to say the conclusion reached by them was not justified by the evidence. The face is not the only means of identification; the voice is .competent as such and by such means alone may one be sufficiently identified. The distinguishability of the voice has been made the basis of convictions in criminal courts. Wharton's Crim. Evid., sec. 803. A person can ascertain and know facts by and through the exercise of their perceptive faculties, the five senses, and such facts they may

state. In the nature of things this must be so, where as here the intruder wore a mask which so disguised his facial appearance as to prevent identification by this means. 16 C. J. 549; Underhill on Criminal Evidence, sec. 56; Ogden v. The People, 134 Ill. 599, 25 N. E. 755; State v. Herbert, 63 Kan. 517, 66 Pac. 235; Commonwealth v. Williams, 105 Mass. 62; Commonwealth v. Hayes, 138 Mass. 185; State v. Hopkirk, 84 Mo. 278; Pritchett v. Johnson, 5 Neb. (unofficial) 49, 97 N. W. 233; State v. Karas, 43 Utah 506.

When arrested defendant was unable to give a coherent account of his whereabouts the night of the crime and for two or three days before; he made conflicting statements in this regard.

It is said that because the prosecuting witness was a white woman and the accused a negro, the jury was prejudiced against him. There is no ground for this argument. Had the crime been committed by a white man, the jury should, and doubtless would have meted out the same punishment. Had the jury been composed entirely of members of his own race, they could not have done differently. The death penalty for this crime is authorized by Kentucky Statutes, sec. 1154, so it would seem the jury was most temperate in their verdict when we consider the heinousness of the deed.

Our inquiry is directed to the fairness and impartiality of the trial, and satisfied as we are that defendant has no cause to complain, the record being free of error, the judgment must be affirmed.