## Teer v. Commonwealth.

June 1, 1948.

Raymond B. Dycus for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Glenn Teer, appellant, was indicted for detaining with carnal intent and against her will a Miss Evangeline Fowler. Upon receiving the law's minimum punishment of two years in the penitentiary, he took this appeal from the judgment.

Teer contends that the evidence did not support the judgment because (1) he was not sufficiently identified and because (2) his carnal intent was not proven and because (3) his drunkenness constituted a legal defense.

Miss Fowler, a middle aged lady who lives with her parents, was walking to her home in the City of Marion upon a September night and at some time between 9 and 10 o'clock. As she reached her home, a man, later identified as Teer, came out of the darkness and from behind her. He pinned her arms down by reaching around her body from the rear. Then he said to her, "Don't make any noise. I want you and I am going to take you out in the back yard and show you what I want." He had a knife in one hand and was under the influence of liquor. By a ruse, she got him seated on her porch, then she slipped inside the house and notified her father and called a policeman. The policeman came immediately and after receiving a description from Miss Fowler and her father covering the appearance of the intruder, who had then left the premises, this officer searched around the neighborhood for the man in question. Within twenty or thirty minutes, Teer had been located and arrested near the Fowler home. Although Teer was doubtless intoxicated when arrested, yet he was able to walk under his own power. And he was also able to recognize

the arresting officer and to call him by name. After Teer had been, within something like thirty minutes, brought back to the Fowler home, both Miss Fowler and her father recognized him as the same man who had shortly before fled from their porch. They recognized him by his clothes and general appearance and breath odor, which was very strong and rather peculiar, according to the testimony.

Teer, testifying in his own behalf, stated that he was "pretty drunk" on that evening and that from the time he left a place called Curve Inn until about the time of his arrest near the Fowler home he "failed to remember" what had occurred.

We believe that Teer was sufficiently identified, even though he had been seen and heard and smelled only in the practical darkness of the place where this offense occurred. Personal identity is a matter of opinion or belief and a witness who shows himself competent may give an opinion as to the identity of a person even though as much as two hundred yards away at the time in controversy. Miller v. Commonwealth, 182 Ky. 438, 206 S. W. 630. Furthermore, identity may be sufficiently established by the mere sound of the human voice. Brown v. Commonwealth, 187 Ky. 829, 220 S. W. 1052. Therefore, it seems clear that Teer's identity was established on this trial with an adequacy suitable to the demands of the law.

It also seems clear that the Commonwealth sufficiently proved that Teer had a carnal intent upon this occasion. His language to Miss Fowler certainly conveyed that impression. And since he had neither robbery intent nor any kind of revenge intent, it is difficult to construe any but carnal intent out of his words and actions of that moment. A conviction for this offense may come from strong *circumstantial* evidence of the carnal intent, coupled with the forcible detention itself, even though such an intent was never expressed in specific words. Gibson v. Commonwealth, 104 S. W. 351, 31 Ky. Law Rep. 945. And so, we believe that a carnal intent was sufficiently established in this case through all the circumstances as presented on this trial.

Now Teer was, as previously stated, intoxicated on this occasion. He had, as Shakespeare once wrote, "put

an enemy in his mouth to steal away his brain." But since he was not too drunk to navigate about town and since he was not too drunk to recognize the arresting officer, the question of whether he was so drunk as to completely destroy his knowledge of right and wrong was, from any viewpoint of the case, clearly one for the jury's decision. And the jury decided that issue against him. In the ordinary criminal case, voluntary drunkenness does not excuse nor mitigate the offense, even though its proven existence may, in the discretion of the jury, mitigate the punishment. Thomas v. Commonwealth, 196 Ky. 539, 245 S. W. 164. Teer's jury on this trial undoubtedly gave some consideration to his state of intoxication; since the penalty fixed by his jury was the minimum provided by law for this offense.

Wherefore, having duly considered the appellant's assignment of errors and having found therein no legal reason for a reversal of the judgment, the same is now hereby affirmed.