(No. 36716.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NOBLE JONES, Plaintiff in Error.

*Opinion filed January 23, 1962.*

MARTIN S. GORDON and ROBERT W. HEINZE, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Noble Jones, was tried by jury in the criminal court of Cook County and convicted of the crime of assault with intent to commit rape. He has brought this case here by a writ of error.

The main contention which is urged by the defendant is that the evidence was insufficient to establish his guilt. The defendant concedes that there was sufficient evidence to establish the crime. He argues only that the identification testimony was insufficient to prove that he was the person who committed the assault.

The victim of the assault testified that she left her apartment at about four o'clock in the morning on the day in question to make a telephone call from a public phone a couple of blocks away. She called Elvis Young and asked him to come over to her apartment and then stopped to pick up some food. As she was returning to her apartment, she was accosted by a man wearing a light colored jacket and cap. She testified that this man knocked her down a couple

of times and forced her into an alleyway between two buildings where he attempted to have intercourse with her. While she was struggling with her attacker, Young approached and the man fled. She testified that when she first saw the man who attacked her, she was standing face to face with him at arm's length. She also testified that there the lighting condition was very good and the street lights were very bright. She testified that she got a very good look at the man's face. She identified the defendant as the man who had committed the assault.

Elvis Young testified that he went to the complaining witness's apartment in response to her telephone call and rang the bell several times. When she did not answer, he left the apartment and as he was walking down the street, he noticed the complaining witness and a man struggling in the alleyway. As he approached, the man got up and ran away. Young did not have an opportunity to see this man's face but did notice that he was wearing a light colored jacket and cap. A few days later, Young saw the defendant, who was wearing a light colored jacket and cap, enter a tavern. He called the complaining witness, who called the police. She soon arrived at the tavern, accompanied by a police officer and when the defendant came out of the washroom of the tavern, she identified him as the man who had attacked her and he was arrested by the police officer. The officer testified that the defendant denied the accusation. He further testified that when the complaining witness and the defendant were in the police station following the defendant's arrest, he asked the complaining witness whether she was sure that the defendant was the man who had attacked her and pointed out that somebody else might have a jacket similar to the defendant's. According to the officer, the complaining witness replied that she was sure and she told the officer that she could identify the defendant by the freckles on his face. The defendant testified that he was home in bed on the night in question and his testimony was

supported by his two sisters. He admitted that the complaining witness was positive in her identification even after the arresting officer had pointed out that he could not arrest the man because of the color of his clothing.

The defendant argues that the identification of the defendant was based only upon the fact that he was wearing a light colored jacket and argues that this type of evidence is insufficient to establish defendant's guilt beyond a reasonable doubt. The identification by Young is subject to this criticism and if his testimony were the only identification testimony in the record, we would not hesitate to reverse the judgment of conviction. However, even if his testimony is disregarded, there remains the positive testimony of the complaining witness that she clearly saw the defendant's face at close range and that she recognized him by the freckles on his face, as well as by his clothing.

He also points out that the lighting was poor at the time and place of the assault and also contends that the complaining witness's testimony is entitled to little weight because her glasses were knocked off during the struggle. His argument with respect to the lighting conditions is not borne out by the record. Furthermore, these arguments go only to the credibility as to the testimony of the complaining witness, which was a matter for the jury to determine. We are of the opinion that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's second contention is that the trial judge unduly restricted the cross-examination of the complaining witness and Young. The court sustained objections to questions as to why the complaining witness had called Young at about 4 o'clock in the morning. The purpose of the call was immaterial and the trial judge properly sustained objections to the questions.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*