People of the State of Illinois, Plaintiff-Appellee, v. Angel R. Ayala, Defendant-Appellant.

Gen. No. 52,015.

First District, Second Division.

December 6, 1967.

Eric E. Graham and Nathaniel R. Howse, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Barth H. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

The defendant, Angel R. Ayala, was convicted of robbery in a trial by the court. On appeal defendant contends that, (1) his identification as the robber was not proved beyond a reasonable doubt; (2) he was effectively denied a fair trial by the incompetency of his counsel; (3) he was improperly denied trial by jury; (4) the court committed error in failing to appoint an interpreter for him; (5) the court committed error in restricting cross-examination of the State's eyewitness; and (6) the court committed error in failing to grant a continuance in order that defendant might bring in additional witnesses.

At trial the State produced three witnesses: Margaret Cullen, the victim of the robbery; Frieda Leamon, an eyewitness to the crime; and Albert E. Withall, the police officer who arrested defendant.

Margaret Cullen testified that she was 71 years of age. At 5:30 p. m. on September 18, 1966, she and Mrs. Leamon were standing outside the Red Apple Restaurant at 63rd and Ashland waiting for a bus. Someone whom she did not see tried to take her purse and in so doing knocked her to the sidewalk where she fell on her purse. He then kicked her in the face and body, took her purse containing $14 from her and left her unconscious on the sidewalk. She testified that the purse, including contents, was recovered and later returned. She was unable to identify defendant as the man who had robbed her. She had not seen her assailant. She had first seen defendant at the Englewood Police Station.

Frieda Leamon testified to substantially the same events. She saw the robber approach, knock Mrs. Cullen to the sidewalk, wrest away her purse and flee. As the man began to run away he turned around about ten feet from Mrs. Leamon and looked at her. Mrs. Leamon screamed and a nearby stranger pursued the robber north down Ashland Avenue and into an alley where the robber dropped the purse and ran away. Mrs. Leamon then accompanied Mrs. Cullen to the hospital. Later the police brought the defendant to the hospital where Mrs. Leamon identified him as "definitely" the man who had taken the purse from Mrs. Cullen.

Sergeant Albert Withall testified that he was at 64th and Ashland Avenue at approximately 5:35 p. m., that he observed a citizen on the corner waving his arms at him. Withall stopped and was informed that there had been an incident at 63rd and Ashland and that the man involved had fled westbound through the alley. Withall then went to 64th and Marshfield where he apprehended the defendant. Withall took the defendant to Englewood Hospital where Mrs. Leamon identified him as the robber.

Two witnesses appeared for the defense. Defendant testified that at 5:30 on the afternoon in question he was in the Del Rio Lounge on the west side of Ashland Avenue between 62nd and 63rd Streets. About two or three minutes after he left the bar to go to the home of a friend he was arrested by the police.

Juanita Swan, a waitress at the Del Rio Lounge, testified that defendant was present in the bar drinking during the afternoon of September 18, 1966. She was unable to say exactly what time he left.

 Defendant's first contention on appeal is that the State's evidence did not prove his identity as the robber beyond a reasonable doubt. Defendant argues that identification of a suspect when he is brought alone

396

before a witness is not entitled to the weight of an identification made from a number of persons. This proposition correctly states the law. However, a positive identification by an eyewitness is sufficient to establish identity beyond a reasonable doubt even though the suspect is not picked from a group. Mrs. Leamon's identification of defendant was made shortly after the robbery occurred. Her identification was unequivocal. She stated, when defendant was brought before her, that he was "definitely" the man who had struck Mrs. Cullen and taken her purse. The lighting conditions had been good and she had seen the robber's face at a distance of ten to fifteen feet as he turned to look at her when he fled. The weight and credibility of this evidence was for the trial court to determine. We cannot say that as a matter of law it was insufficient.

■ Defendant directs our attention to language in People v. Kidd, 410 Ill 271, at 279, 102 NE2d 141 (1952) stating:

". . . [T]he identification of one person by another who had never seen him before is an opinion or conclusion of the identifying witness, and the attendant circumstances, together with the probability or improbability of affording an opportunity for a definite identification, must be considered in weighing the evidence of identification of one stranger by another."

Defendant contends that the testimony of Mrs. Leamon identifying defendant as the man who took Mrs. Cullen's purse was opinion testimony and that a foundation enumerating the facts which led to her conclusion or identification was required. The court was here concerned with the observations made by Mrs. Leamon and not with opinions about what she observed. It is, of course, correct that the court must consider circum-

stances surrounding the witness' opportunity to observe in weighing the testimony, but it is not incumbent upon the State to elicit the numerous and perhaps indefinable characteristics noticed by the witness which were the basis of her identification.

██ Defendant's second contention is that he was denied a fair trial by the incompetence of his trial counsel. Defendant predicates this contention upon several occurrences at trial which it is claimed demonstrates his counsel's incompetence. In support of his argument defendant directs our attention to People v. McCoy, 80 Ill App2d 257, 225 NE2d 123 (1967). The McCoy appeal was from a murder conviction in which, as in the instant case, counsel was of the defendant's choosing rather than court appointed. This court reversed the judgment saying, at pp 263–264:

> "Defense counsel was chosen by defendant. The general rule adopted by our courts is that where a defendant is represented by counsel of his own choosing, his conviction will not be reversed for incompetency of counsel unless it can be said from the record that the representation was of such low caliber as to amount to no representation at all, or that it was such as to reduce the trial to a farce
>
> . . . .
>
> "While we do not believe that the representation given the defendant in this case reduced the trial to a farce, we do believe that the caliber of representation afforded the defendant in this case was such as would deprive the defendant of any chance of being found not guilty."

Defendant first contends that failure of his trial counsel to ask the court for appointment of an interpreter for his client demonstrated counsel's incompetence. An examination of defendant's testimony at trial reveals that

he was capable of understanding and making himself understood without the aid of an interpreter. Defendant next argues that counsel's incompetence was shown by failure to move for suppression of Withall's testimony to the effect that he was told of an "incident" at 63rd and Ashland on the ground that it was acquired through an unlawful arrest and also by counsel's failure to object to the testimony as hearsay. Defendant also cites his counsel's failure to object to some unspecified questions put to certain witnesses by the State and counsel's allegedly inadequate cross-examination of Mrs. Leamon on her ability to identify defendant. It is also contended by defendant that failure to ask for a continuance in order to bring in alibi witnesses or to request from the State a stipulation as to the testimony of those persons indicated incompetence. Whether or not counsel utilized each and every advantage the law may have permitted and whether or not counsel's actions were strategically in the best interests of his client's defense are questions we need not determine on this appeal. It is sufficient to say that our examination of the record indicates no action or omission of defendant's trial counsel which amounts to a showing of incompetence under the criteria stated in People v. McCoy, supra, or any other Illinois case.

■ Defendant's third and fourth contentions are that he was improperly denied trial by jury and that the court erred in failing to appoint an interpreter. The record shows that a jury was expressly waived by defendant through his counsel and in his presence, and that defendant signed a waiver after having been told by the Judge of his right to a trial by jury. Defendant contends, however, that an interpreter should have been appointed to explain to defendant his right to a jury and to insure that the waiver "is not only expressly but understandingly" made as was said in People v. Palmer, 27 Ill2d 311, 189 NE2d 265 (1963). The answer to both of

these contentions is that defendant's ability to speak and understand English was, as we have noted above, demonstrated in his testimony at trial. We find that defendant understandingly waived jury trial and was not prejudiced by the court's failure to supply an interpreter.

■ Defendant next argues that error was committed by the court in refusing to allow defendant to ask Mrs. Leamon if the man that accosted Mrs. Cullen was "a colored man or a Spanish man." The record indicates that the defense was allowed to cross-examine Mrs. Leamon at some length. The issue of defendant's race was not raised on direct examination and the court obviously viewed the question as unhelpful in determining the accuracy of Mrs. Leamon's identification of defendant. The court was within the proper bounds of its discretion in ruling as it did upon the objection.

■ Finally, defendant argues that the court committed error in failing to grant a continuance in order that defendant might bring in additional witnesses. Defendant has also argued on this appeal that the incompetence of his counsel was demonstrated by counsel's failure at the close of the State's case to move for a continuance in order to produce the alibi witnesses or to request a stipulation as to the nature of their testimony. The record shows that defense counsel informed the court that his witnesses were not present at the time set for the trial and that he had not subpoenaed them because they were expected to voluntarily appear. He requested some time in which to telephone the witnesses and trial was delayed for more than two hours. At last counsel said he was ready to proceed to trial though he obviously knew that his witnesses were not yet present in court. At no time did counsel move for a continuance nor does it appear that a stipulation was requested of the State. We cannot find error in the Court's failure to grant a con-

tinuance in view of the defense's failure to take proper steps to secure one.

The judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and BURKE, J., concur.