No.. 45,211

State of Kansas, *Appellee,* v. Rudy V. Chuning, *Appellant.*

(443 P. 2d 248)

Opinion filed July 13, 1968.

*J. Jay Miller,* of Olathe, argued the cause and was on the briefs for the appellant.

*Hugh H. Kreamer,* Assistant County Attorney, argued the cause, and *James W. Bouska,* County Attorney, and *Robert C. Londerholm,* Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This case appears a second time on appeal. In the first appeal the conviction of defendant, Rudy V. Chuning, of robbery in the first degree was affirmed by this court on June 10, 1967. (*State v. Chuning,* 199 Kan. 215, 428 P. 2d 843.)

Subsequently, defendant filed a motion to vacate the judgment pursuant to the provisions of K. S. A. 60-1507. The district court sustained defendant's motion and ordered a new trial on the ground defendant was represented by incompetent counsel at his first trial. Prior to his second trial the defendant, for the first time, filed a notice of plea of alibi. Defendant was again tried by a jury, convicted of robbery in the first degree, (K. S. A. 21-527) and sentenced pursuant to K. S. A. 21-107a, for a term of not less than twenty and not more than forty-two years in the Kansas State Penitentiary.

Defendant was charged with taking approximately $13,000 from Eric Busch by threatening him with a pistol on August 6, 1961. Mr. Busch was the manager of a Katz drug store located in Overland Park.

The state's evidence consisted of the testimony of Mr. Busch and Mrs. Clarence Bayo, a customer in the store at the time of the robbery. Both witnesses identified defendant.

As an alibi defendant testified that he was at a picnic, with relatives and friends, during the alleged time of the robbery. He submitted the testimony of eight witnesses who said they were with defendant at the picnic on August 6, 1961, in his aunt's back yard.

Defendant specifies eight points of error on appeal. However, as stated by counsel, he relied principally on the first three points set out in his brief.

Defendant first argues the trial court erred in admitting testimony given by defendant at his first trial since the trial court later found that he had been represented by incompetent counsel. Defendant's testimony involved in this point was given before the court at the time of sentencing, following the first trial. The testimony concerned a previous conviction in California which was admitted by defendant. The testimony consisted generally of answers by defendant to interrogation by the court and county attorney as to restitution made by defendant in the California proceeding and the sentence imposed and whether defendant was represented by counsel. The transcript of this testimony was offered by the state at the time of sentencing in the instant case.

Prior to sentencing in this case the state introduced an authenticated copy of defendant's prior conviction in California. The transcript of the California conviction is included in the state's supplemental abstract. It discloses that defendant entered a plea of guilty to two counts of forgery and was granted probation, provided defendant served ninety days in the county jail and made restitution for the checks which he had forged. The California transcript discloses that one Max Solomon appeared as attorney for defendant and that the charges were brought under the California Penal Code § 470.

Defendant does not deny the truth of any of his testimony given in the prior proceedings but simply claims it should not have been admitted since he was later found to have been represented by incompetent counsel at the time.

The California conviction was entirely in order and we are unable to see any way in which defendant was prejudiced. We are unable to ascertain precisely why the state considered it necessary to offer the transcript of prior proceedings, under the circumstances, but, in any event, defendant has failed to show in any way that his rights were prejudiced.

For his second point on appeal, defendant claims the trial court erroneously admitted evidence of identification given by two of the state's witnesses over the objection of defendant. The witnesses were Mr. Busch, the manager of the drug store and the victim of the robbery, and a Mrs. Clarence Bayo, a customer present in the store at the time of the robbery. The identification of defendant, by the two witnesses, came about in the following manner. Several months after the robbery a police officer of Overland Park learned of a robbery of a Katz drug store in Kansas City, Missouri, similar in pattern to that perpetrated here. The police officer took Mr. Busch, Mrs. Bayo and her daughter, who was present with her mother in the store at the time of the robbery, to the Jackson County courthouse in Kansas City, Missouri. They identified defendant as the person they saw commit the robbery involved in this case. At the time of identification defendant was in a group of men milling around in the hall of the Jackson County courthouse, as the witnesses described the scene.

Defendant argues that identification by observations made of him after the commission of the robbery violates the illegal lineup rule as laid down in *Gilbert v. California*, 388 U. S. 263, 18 L. Ed 2d 1178, 87 S. Ct. 1951; *United States v. Wade*, 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926. Since there was no arrest, prior to view and no lineup, it is doubtful the rules announced in *Gilbert* and *Wade* have application. In any event, it was announced in *Stovall v. Denno*, 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, that the constitutional rule established in *Gilbert* and *Wade*, on June 12, 1967, is not retroactive and has application only to cases involving confrontations for identification purposes conducted in the absence of counsel after the date of those decisions.

Defendant next says the trial court erred in allowing him to waive his right to be present during a portion of the trial. The record shows that during deliberations the jury requested the testimony of the witnesses, Busch and Bayo, be read back. The jury's request was discussed between defendant, his attorney, Mr. Chipman, and

the county attorney, Mr. Kreamer, in the presence of the court. The colloquy is disclosed in the record as follows:

"THE COURT: Are the parties satisfied the jury is all present?

"MR. KREAMER: State is satisfied, your Honor.

"MR. CHIPMAN: The defendant is satisfied, your Honor.

"THE COURT: Very well. Yesterday evening the jury requested that the testimony of two witnesses be read back to them. Counsel for the parties have indicated to the Court that they are willing to stipulate that the testimony of the witnesses be read back to the jurors by the court reporter in the jury room outside of the presence of counsel for the parties and the defendant; is that correct?

"MR. KREAMER: State would so agree, Your Honor, yes.

"MR. CHIPMAN: If it please the Court, Your Honor, I understand that neither the Judge nor the county attorney nor myself nor the defendant will be present in the jury room, only the court reporter and the jurors, is this correct? Is this what we are agreeing to?

"THE COURT: That is the way the Court understand it.

"MR. CHIPMAN: Do you agree to that Mr. Chuning?

"MR. CHUNING: Yes, sir, I agree.

"THE COURT: You will stand, Mr. Chuning.

"MR. CHUNING: Yes, sir.

"THE COURT: Mr. Chuning, do you understand you have a right to be present at all proceedings throughout the course of the trial?

"MR. CHUNING: Yes, sir.

"THE COURT: Including such part of the proceedings as would entail the court reporter's reading back to the jury the testimony of witnesses. Do you understand that the purpose of the defendant being present at all proceedings during the trial is so that the defendant may understand what is being presented and assist in his defense of the case. Do you understand that?

"MR. CHUNING: Yes, sir, I do.

"THE COURT: Understanding that you have a right to be present at all proceedings in the course of the trial. Do you wish to waive that right in accordance with the stipulation of counsel?

"MR. CHUNING: Yes, I do.

"THE COURT: Have you had an opportunity to confer with your attorney, Mr. Marion Chipman in regard to this matter?

"MR. CHUNING: I have.

"THE COURT: Has he advised you of the fact that you have this right to be present at all proceedings in the trial?

"MR. CHUNING: He has, yes.

"THE COURT: And has he advised you of the purpose and intent of the law giving you this right?

"MR. CHUNING: Yes.

"THE COURT: Understanding that, do you wish to waive that right and concur in the stipulation of counsel for the state and counsel for yourself?

"MR. CHUNING: I do.

"THE COURT: Very well.

"MR. CHUNING: Very well, Your Honor.

"THE COURT: Members of the jury, you may be seated.

"THE FOREMAN: Thank you, Your Honor.

"THE COURT: You will now retire to the jury room. The court reporter will read back to you the testimony of the witnesses, Eric Busch and Mrs. Clarence Bayou. You, of course, will not be able to propound any questions to the court reporter or ask him to re-read any certain portion of the testimony or anything like that. He may just simply read the testimony to you and at the conclusion of the reading of that testimony then he will leave the jury room and you then will commence your deliberations. You, of course, will be in the custody of the bailiff at all times. You may retire to the jury room. You will take with you the instructions and verdict forms and exhibits if you desire the exhibits. (The jury retired to the jury room to hear testimony read and deliberate.)"

To support his contention defendant relies on *State v. Myrick*, 38 Kan. 238, 16 Pac. 330. The case is not in point. In *Myrick* the defendant was in jail and his counsel agreed that certain instructions could be given without consulting his client and in his client's absence. This court held the presence and consent of defendant's counsel did not waive or cure the illegality.

The import of *Myrick* and other cases, in which a verdict was set aside because a defendant was absent and in confinement while the proceedings complained of took place, is discussed in *State v. Way*, 76 Kan. 928, 93 Pac. 159. In *Way* the court noted that in *Myrick* the defendant was in jail at the time and knew nothing of the proceedings. In this regard it was stated:

". . . To hold that his statutory privilege could be regarded as waived under such circumstances would be to say that representation by an attorney is in all respects a complete substitute for personal presence, the right to which is guaranteed by the statute. . . ." (p. 938.)

The court then proceeded to distinguish *Myrick* from *Way* where the defendant was on bail and absent without consent of the court, under such circumstances, the court concluded on appeal:

"The question therefore being an open one in this state, the court prefers to follow what is clearly the weight of authority as well as what seems to be the better reason and to decide that the right of the defendant to be present during a felony trial is one that may be waived, and that if while at liberty on bond he is voluntarily absent, without having been excused by the court, when the jury reached an agreement a verdict against him may lawfully be received in his absence. . . ." (p. 939.)

While the absence of a defendant, under any circumstances, at any stage of a criminal proceeding cannot be approved as good practice, in the instant case defendant was on bail and the record

conclusively shows that after consultation with counsel he understandingly and knowingly waived his right to listen to the reading of the testimony. Defendant cannot now claim error, invited by his own actions, in not being present during the reading.

Defendant next contends the verdict was not sustained by sufficient competent evidence. The short answer to this contention is that the jury believed the testimony of the state's two eyewitnesses and rejected the testimony of defendant's alibi witnesses. The testimony of defendant's witnesses was discredited to some extent on cross-examination. It is well settled law in this jurisdiction that credibility of witnesses will not be passed on nor conflicting evidence weighed on appellate review; and such review is limited to ascertaining whether there is a reasonable basis for inference of guilt. (*State v. Walker,* 199 Kan. 508, 430 P. 2d 246, cert. den. 390 U. S. 905, 19 L. Ed. 2d 870, 88 S. Ct. 818; *State v. Phinis,* 199 Kan. 472, 430 P. 2d 251; *State v. Donahue,* 197 Kan. 317, 416 P. 2d 287, and *State v. Osburn,* 171 Kan. 330, 232 P. 2d 451.)

Defendant complains his constitutional right to a speedy trial was violated. This contention was fully answered in the opinion disposing of his first appeal (*State v. Chuning,* supra.), where defendant's absence from the state was shown as the reason for delay in his arrest and trial.

We have carefully examined other points raised by defendant and find them to be entirely without merit.

No error being shown the judgment is affirmed.