No. 45,398

State of Kansas, *Appellee*, v. Alan Wade, *Appellant*.

(457 P. 2d 158)

Opinion filed July 17, 1969.

*Russell Shultz*, of Wichita, argued the cause, and was on the brief for the appellant.

*J. O. Ballinger*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: The defendant, Alan Wade, was convicted by a jury in the Sedgwick county district court of burglary in the first degree (K. S. A. 21-513) and attempted forcible rape (K. S. A. 21-101 and 21-424). After denying a motion for new trial, the district

court sentenced appellant to concurrent sentences in the state reformatory. This appeal ensued.

The uncontroverted facts are that on July 1, 1967, at approximately 2:00 a. m., the complaining witness heard a noise at the rear room window of her home. Being unable to determine what it was, she obtained a gun, laid it at the foot of her bed, and went back to sleep. At approximately five o'clock the same morning she saw "this boy" enter her bedroom. At first she though it was her husband, but soon realized it was someone else when the intruder pushed a pair of scissors to her throat and attempted to have sexual intercourse with her. The victim's baby was in the same bedroom. After a time the victim succeeded in routing her assailant, and as he started to run from the bedroom, he hit the door and fell to the floor. She picked up the gun and fired three shots, the bullets apparently failing to find their mark. The intruder departed the house through a window in the den adjacent to the bedroom, which, presumably, was the same window through which he had entered the house. During the entire episode a light burned in the den. The light, described as being red, and somewhat larger than a Christmas light, reflected off the walls, thus providing a "bright red" light in the bedroom for the baby's benefit.

The victim testified that as the man left the bedroom she saw his "side profile and just as he turned to go through the den" in which the light was burning, she got at least a side view of his face. She further stated she "got a look at his side profile and his back profile as he went out the window." She described the person as being a Negro youth with bushy hair and wearing dark pants and an orange, short-sleeve shirt.

Several weeks after the incident the victim looked at numerous photographs provided by the police on two separate occasions. On each occasion she identified one of the photographs as being that of her assailant. During this time she also viewed suspects in two lineups at the police station. The first lineup consisted of five colored males, none of whom she could identify. At the second lineup, also consisting of five colored males, she identified one of them (the defendant) as the person who had been in her home. After her lineup identification the police informed her the man she had picked out was the same person whose photograph she had previously identified. There was testimony that the police officers did not attempt to aid the victim in any way in making her identi-

fication at the lineup. At trial, the victim identified the defendant as the person who entered her home and attempted to attack her.

Defendant chose to present no evidence in his defense.

The principal point raised on appeal is the sufficiency of the evidence relating to the victim's identification of defendant as the perpetrator of the crimes.

Although the lineup identification occurred subsequent to the pronouncement of the rule set forth in *United States v. Wade*, 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert v. California*, 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, defendant makes no contention his constitutional rights were violated in respect thereto, nor does he contend the lineup was held under such circumstances as to amount to a denial of due process. (See, *State v. Sanders*, 202 Kan. 551, 451 P. 2d 148.) The complaining witness was subjected to extensive cross-examination concerning her pretrial identification of the defendant. No objection was interposed to her testimony on direct examination relating to such identification. The adequacy of the evidence on the point was a matter for the jury. The means or manner in which an extrajudicial identification is made relates to the weight and sufficiency of the evidence rather than to its admissibility. (*State v. LeVier*, 202 Kan. 544, 451 P. 2d 142; *State v. Childs*, 198 Kan. 4, 422 P. 2d 898; *State v. Hill*, 193 Kan. 512, 394 P. 2d 106.)

Defendant's main argument is based on the contention the prosecutrix was never in a position to identify her assailant when the crimes were committed because she saw only his profile and the back of his head in a semidarkened room; consequently, the trial court erred in not sustaining the motion to discharge, and in submitting the case to the jury.

This court has long been committed to the rule that it is the function of the jury, not that of the appellate court, to weigh the evidence and pass upon the credibility of witnesses, and a verdict, if supported by substantial, competent evidence will not be disturbed on the grounds of insufficiency of evidence. (*State v. Chuning*, 201 Kan. 784, 443 P. 2d 248; *State v. Shaw*, 195 Kan. 677, 408 P. 2d 650; *State v. Clark*, 194 Kan. 265, 398 P. 2d 327; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451.) Where the sufficiency of evidence is being reviewed, this court's function is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. (*State v. Chuning*, supra; *State v. Shaw*, supra; *State v.*

*Ledbetter,* 183 Kan. 302, 327 P. 2d 1039; *State v. Hancock,* 127 Kan. 510, 274 Pac. 209.) Our law recognizes the jury is the exclusive judge of all material questions of fact and is entitled to draw reasonable inferences from the evidence. (*State v. Greenwood,* 197 Kan. 676, 421 P. 2d 24.) If the evidence tends to disclose the offenses charged were committed, and the defendant committed them, the question is for the jury to decide, even though the evidence is weak. (*State v. Townsend,* 201 Kan. 122, 439 P. 2d 70; *State v. Dill,* 182 Kan. 174, 319 P. 2d 172.)

Involved in *State v. Osburn,* supra, was the identification of the defendant by a single eyewitness, and we stated:

"Neither can it be said, as appellant suggests, that the evidence is insufficient simply because the verdict with respect to the identity of an accused, is based upon the testimony of a single witness. . . ." (p. 332.)

Similarly, in *State v. Whalen,* 163 Kan. 8, 179 P. 2d 942, testimony of the victim, standing alone, was held to be sufficient to sustain the verdict. (Also, see, *State v. Berry,* 170 Kan. 174, 223 P. 2d 726; *State v. Barger,* 148 Kan. 590, 83 P. 2d 648; *State v. Wright,* 139 Kan. 14, 29 P. 2d 1099.)

A factually analogous case is *State v. Herbert,* 63 Kan. 516, 66 Pac. 235, where the offenses charged were burglary and attempted rape. Though the room was dark, the victim identified the defendant by voice, form, clothing, and movements. This court said:

"Considerable complaint is made of the identifying testimony given by the witnesses named. Miss Gilson testified, over objection, that the defendant was the man who made the assault. In view of her means of information, which have already been stated, the testimony was competent. She was subject to cross-examination as to her means of knowledge, and the weight to be given her testimony was for the jury. . . ." (p. 518.)

Defendant here raises no question of the admissibility of the prosecutrixs' testimony. Under the conditions described, the victim's testimony of identification was neither incredulous nor unreasonable. She was able to describe her assailant, his clothing, race, hair and age. She demonstrated no hesitancy or equivocation in positively identifying the defendant at trial, even under vigorous cross-examination. Defendant's contention that the identification by the victim was insufficient because she was not in a position to clearly observe her assailant goes not to the admissibility of such testimony, but to the weight and credibility thereof, which was solely within the province of the jury to determine. (*State v. Herbert,* supra; *People v. Ayala,* 89 Ill. App. 2d 393, 233 N. E. 2d 80; *Green v. State,*

106 G. App. 485, 127 S. E. 2d 383; *Commonwealth v. Bradford,* 200 Pa. Super. 216, 188 A. 2d 809; *People v. Johnson,* 33 Cal. Rptr. 359; *People v. Jones,* 24 Ill. 2d 71, 179 N. E. 2d 620; 23 C. J. S., Criminal Law § 920.)

Additionally, we find the trial court gave an instruction to the effect that opinion evidence of the defendant's identity, particularly when it depends upon impressions obtained in haste and excitement, should be treated with utmost caution. The propriety of such an instruction is fully discussed in *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820. The giving of the instruction is not questioned, since it obviously was beneficial to the defense of inadequate identification.

We are compelled to conclude there was substantial evidence which warranted the jury's finding that defendant was the perpetrator of the crimes.

Defendant also complains the trial court erred in failing to declare a mistrial when, after selection of a jury but before the opening statement, the assistant county attorney orally moved to dismiss a case against the defendant which had been consolidated with the present case for purposes of trial. Defendant's attempt to equate the situation with that where we have held it improper to make reference in the opening statement to other similar offenses which would be inadmissible at trial (see, *State v. Stephenson,* 191 Kan. 424, 381 P. 2d 335) is untenable. In the first place, the prosecutor, in making his motion to dismiss, did not reveal to the jury the nature of the charges in the consolidated case. We find nothing in the proceedings prejudicial to the defendant's trial. In fact, dismissal of the case operated to the benefit of the defendant rather than to his detriment. Moreover, defendant registered no objection, nor did he request a mistrial, at the time. Under all the circumstances, he is hardly in a position now to complain of the trial court's failure to act on its own initiative.

As a final point defendant argues that the trial court erred in accepting a plea of guilty by an accused in another case in the presence of the panel of prospective jurors on the morning of defendant's trial. The defendant was in no way involved in that case. In fact, the cases were completely unrelated. This was a matter which both the state and defense had full opportunity to explore on *voir dire* examination of the jurors when defendant's case came on for trial. We agree with the trial judge's conclusion

when he considered the matter at the hearing on defendant's motion for new trial—there could not possibly have been any prejudice against the defendant because of what the veniremen heard and witnessed in the proceedings.

For the reasons previously stated and discussed, the trial court did not err in overruling defendant's motion for new trial.

The judgment is affirmed.